## L. A. JOHNSON v. J. W. HAMILTON.

1. J. H. and R. H. made a verbal exchange of land, with a reciprocal delivery of possession. R. H. made a verbal sale of the land thus acquired by him, to the appellant, who paid him one hundred dollars of the purchase-money, took possession, and improved the land. J. H., in whom the legal title remained, becoming dissatisfied with his exchange, notified appellant that he would not make conveyance. The matter thus remained for some three years, when J. H. executed to R. H. a general power of attorney to make title. R. H., instead of making title to his vendee, the appellant, proposed to sell the land to the appellee, who thereupon made inquiry of the appellant, and was advised by him to buy the land, and informed that he, the appellant, did not expect to get title and did not want the land, and would surrender possession as soon as he could gather his crop. The appellee then bought the land and took title from R. H. Subsequently the appellant refused to surrender possession, and the appellee brought this suit of trespass to try title. *Held*, that whether the appellant was or was not apprised of his rights at the time he made these representations to the appellee, he cannot be allowed to dispute the appellee's title, unless he can prove fraudulent collusion between the appellee and R. H., to deprive him, the appellant, of the title. *Held* further, that it was error to exclude the testimony of J. H., the maker of the power of attorney, offered by the appellant to prove that that power was made for the specific purpose of enabling R. H. to make title to him, the appellant ; but this evidence can avail nothing against the appellee, unless he can be fixed with notice of the specific purpose thus imputed to the power of attorney.

2. In the suit above indicated, the appellant (defendant below) made R. H. a party by cross-action ; and on the trial the jury found that the plaintiff (appellee) recover the land, but that he recover no rents, and pay the appellant the one hundred dollars paid by the latter on the land, and also pay all costs. The judgment below was in accordance with this verdict. *Held*, error ; the appellant was entitled to recover from R. H. the value of the land, less the unpaid purchase-money, and also to recover such damages as he incidentally sustained by reason of the loss of possession and title.

APPEAL from Johnson. Tried below before the Hon. Charles Soward.

The opinion states substantially the material facts.

*Hood & Shropshire, J. F. Oatman* and *W. H. Griffin,* for the appellant.

*H. G. Hendricks,* for the appellee.

WALKER, J.  J. J. Hays and his brother, Reuben Hays, made a verbal exchange of lands, each taking possession under the contract.  Reuben Hays sold the lands he received in exchange, by another verbal contract, to L. A. Johnson, the appellant.  Johnson, paying one hundred dollars of the purchase-money, took possession, occupied, and improved.  J. J. Hays, thinking there was some defect in the title to the land he had received from Reuben, wrote to Johnson that he would not make a deed.  Matters stood in this posture for two or three years, when J. J. Hays, becoming reconciled with his title, or from some other reason, executed and delivered to his brother Reuben a power of attorney, authorizing him to make title to the land.  The power was general, and limited to no particular grantee ; but, as was offered to be shown upon the trial, it was doubtless the intention of J. J. Hays that the deed should be made to Johnson.  He, however, appears to have been ignorant of this fact.

Reuben Hays, giving out that he had a power to sell the land, proposed selling the land to Hamilton, the appellee. Hamilton went to Johnson, or rather sent his father, to make inquiry about the matter.  Johnson appears to have told the old gentleman that he had no title to the land ; that he did not expect to be able to get a title, and advised Hamilton to buy the land.  Johnson was doubtless ignorant of his rights.  Be this as it may, he will not be allowed now to dispute the title with Hamilton, who appears to have acted in good faith throughout, unless indeed he had knowledge of the bad faith of Reuben Hays, and of the specific intention of J. J. Hays in making the power of attorney.  If this be shown, Hamilton would have no right to the land, for he would be *in pari delicto* with Reuben Hays.  But it has not been shown, and he has

therefore made out a title to the land.    It would have been perfectly competent to prove by J. J. Hays the intention of the power of attorney to Reuben, but it would have availed the appellant nothing, unless he could have brought this knowledge home to Hamilton.

But the judgment of the court is erroneous, and so is the verdict of the jury in limiting Johnson's damages to one hundred dollars; he is entitled to recover from Reuben Hayes the value of the land, less the unpaid purchase-money, and whatever damages he incidentally sustains by reason of the loss of possession and title.

Upon the face of the record, then, the appellee is entitled to the land, but it is difficult to tell what might have been proved, even against him, had not the testimony of J. J. Hays been ruled out; and the judgment for one hundred dollars in favor of the appellant does him manifest injustice.

The judgment will therefore be reversed, and the cause remanded, to be proceeded in in accordance with this opinion.

Reversed and remanded.