THOMAS D. WATSON ET AL. V. WILLIAM HEWITT.

1. TRESPASS TO TRY TITLE—PLEADING.—When the petition disclosed
   that the main object and purpose of the suit was to try title to the
   undivided half of a tract of land as to which there was a controversy
   and of which plaintiff alleged that he had been wrongfully dispossessed by the defendant: *Held,* That although there was a prayer
   for partition, the suit was an action of trespass to try title ; and that
   under a plea of *not guilty,* defendant could set up any matter of
   defense denying the title of plaintiff, or showing that defendant had
   acquired title to the land in controversy.
2. ESTOPPEL—INVENTORY OF ADMINISTRATOR.—A purchaser of land
   from the husband, as administrator of his deceased wife's estate, sold
   by him under proceedings in the Probate Court, insisted on as insufficient to bind the estate, is not estopped from denying that the
   property was community property by the inventory of the husband
   as administrator.
3. SAME.—Only such parties as have acted on the faith of admissions,
   or against whom the subsequent assertion of the truth of the case
   would operate as a fraud, can insist upon the estoppel.

ERROR from Washington. Tried below before the Hon. I. B. McFarland. The facts are given in the opinion.

*Shepard & Shepard,* for plaintiffs in error, cited Mims *v.* Mitchell, 1 Tex., 443; Carter *v.* Wallace, 2 Tex., 206; Smith *v.* Sherwood, 2 Tex., 460; Hall *v.* Jackson, 3 Tex., 305; Guess *v.* Lubbock, 5 Tex., 535; Paul *v.* Perez, 7 Tex., 338; McGreal *v.* Wilson, 9 Tex., 426; Rivers *v.* Foote, 11 Tex., 662; Thompson *v.* Thompson, 12 Tex., 327; Denison *v.* League, 16 Tex., 400; Marley *v.* McAnnelly, 17 Tex., 660; Lemmon *v.* Hanley, 28 Tex., 220; Watts *v.* Johnson, 4 Tex., 318; Towner *v.* Sayre, 4 Tex., 30; Little *v.* Birdwell, 21 Tex., 597; Portis *v.* Hill, 14 Tex., 79; Portis *v.* Hill, 30 Tex., 563; Ayers *v.* Dupree, 27 Tex., 604; Walker *v.* Howard, 34 Tex., 478; Withers *v.* Patterson, 27 Tex., 491; Thompson *v.* Cragg, 24 Tex., 597; Maxwell *v.* Guyton, 20 Tex., 202; Wilkinson *v.* Wilkinson, 20 Tex., 237.

*Giddings & Morris,* for defendant in error, cited Punderson *v.* Love, 3 Tex., 60; Ellis *v.* Mills, 28 Tex., 584; Mann *v.* Falcon, 25 Tex., 272; Houston *v.* Perry, 5 Tex., 462; Stephens *v.* Bowerman, 27 Tex., 18; Burdett *v.* Silsbee, 15 Tex., 617; Poor *v.* Boyce, 12 Tex., 450; Dancy *v.* Stricklinge, 15 Tex., 557; Townsend *v.* Munger, 9 Tex., 300; Love *v.* Robertson, 7 Tex., 6; McIntyre *v.* Chappell, 4 Tex., 187; Huston *v.* Curl, 8 Tex., 239; Stramler *v.* Coe, 15 Tex., 214.

MOORE, ASSOCIATE JUSTICE.—This suit was brought by the plaintiffs in error to try title to an undivided half of the tract of land described in their petition, of which they allege they have been wrongfully dispossessed by the defendant, who is, they admit, the owner of the other half of it. In addition to their prayer for judgment for title and possession of the undivided half of the land, they also ask that a partition be made by the court between themselves and defendant, and their respective portions of it be set apart to them in severalty. For answer to plaintiffs' petition, the defendant pleaded "not guilty."

From the statement of facts it appears that the plaintiffs

claimed the half of the land for which they sue as heirs of their deceased mother; and in support of their title they proved that the land had been conveyed to their father, by deed of bargain and sale, during the lifetime of their said mother, and subsequent to the marriage of their father and mother, and their immigration to Texas. It was also shown that after their mother's death their father had administered on her estate, and inventoried the land in controversy as community property of himself and wife, and that he had applied to and obtained from the Probate Court orders for the sale of the land as property of her estate; that he had sold it under these orders, and that the defendant derived title through and under said sales.

The defendant attempted to maintain by his evidence two distinct and independent grounds of defense, either of which, if valid and admissible under his plea, was a complete answer to the plaintiffs' action. These defenses were: First, that he had acquired a valid title to whatever interest plaintiffs' mother had in the land, under and by virtue of the sales thereof by their father as administrator, and the confirmation of said sales by the Probate Court; second, even though said administration sales were null and void, still he got a good title to the land under said deeds from plaintiffs' father, because their mother in fact never had any interest whatever in said land, but it was the exclusive and separate property of their father.

The plaintiffs objected to the evidence offered by defendant to maintain his second ground of defense, that their petition shows that their action was brought for partition, and therefore the plea of "not guilty" does not authorize the introduction of such evidence. But it will be observed in reading the petition that the main object and purpose of the suit was to try title to the undivided half of the land as to which there was a controversy, and of which they allege they had wrongfully been dispossessed by the defendant. While the prayer for partition is merely incidental and subsidiary to this main

purpose, if the defendant could prove title in himself to this half of the land claimed by the plaintiffs, or could show that they had no right to it, of course their claim to have it partitioned and set apart from the other half, which they admit belonged to the defendant, must fall. The plea of "not guilty," we think, authorized the introduction of any testimony legitimately tending to show that plaintiffs had no title, or that defendant was the owner of it.

It is also insisted that defendant was estopped from denying that the land was community property by having bought under the administration sales, and by the recognition of it as such by their father in the inventory and other proceedings had in the course of his administration on his wife's estate. Unquestionably their father would have been estopped as against any one claiming under such sales from denying the title which he thereby admitted in his wife; but it is only such parties as have acted on the faith of admission, or against whom the subsequent assertion of the truth of the case would operate as a fraud, who may plead or rely upon the estoppel. The rights of the plaintiffs have been in no way affected or changed for the worse by the admissions of their father that the land was community property. (Page *v.* Arnim, 29 Tex., 53.)

The evidence seems conclusively to establish the fact, that the land was entirely paid for with the separate funds of the father. If so, plaintiffs acquired no interest in it by their mother's death. It is therefore unnecessary for us to consider whether the alleged defects in the administration on the estate of Mrs. Watson were mere irregularities, for which the title of defendant could not be impeached in a collateral proceeding, or were such as to render the order of sale, the sales by the administrator, and confirmation of them by the court, absolutely void. The judgment is affirmed.

AFFIRMED.