C. P. SHATTUCK v. H. N. McCARTNEY ET AL.

(No. 1079, Op. Book No. 2, p. 724.)

APPEAL from McLennan County.   Opinion by WINK-
LER, J.

§ 557. *Estoppel in pais.*   Generally, when one seeks
to bind another by estoppel *in pais*, the law requires
that the party should have acted upon a knowledge of
the facts, and that his actions influenced the other party
to act as he did [Scoby v. Sweatt, 28 Tex. 713], and must
operate mutually between the parties.   [Lewis v. Castle-
man, 27 Tex. 407.]   If the representations were made,
whether with a full knowledge of the facts or not, he is
estopped from denying the truth of the representations,
unless he show fraud in obtaining the representations by
the other party.   [Johnson v. Hamilton, 36 Tex. 270;
Watson v. Hewitt, 45 Tex. 472.]   As to what a party
pleading an estoppel *in pais* may prove, see Page v.
Arnim, 29 Tex. 53; and as to measure of damages, see
Warren v. Ashcroft, 50 Tex. 427.

§ 558. *Charge of the court; preponderance of evidence.*
Where the court told the jury that whenever there
arises a reasonable doubt as to the preponderance of evi-
dence, then the defendant is entitled to the doubt, *held*
error.   In civil cases the law is that, where there is a con-
flict in the testimony, the jury must decide in favor of
the preponderance of the testimony, they being the
judges of its weight and credibility; but the court can
give them no aid when the jury are unable to determine
whether there is a preponderance of evidence one way or
the other.

October 19, 1881.                Reversed and remanded.