**J. S. ROGERS et al., Appellants,**

v.

**C. E. BOYKIN et al., Appellees.**

No. 3274.

Court of Civil Appeals of Texas.

Eastland.

Dec. 14, 1956.

Rehearing Denied Jan. 18, 1957.

Second Motion for Rehearing Denied Feb. 8, 1957.

See, also, Tex.Civ.App., 286 S.W.2d 440.

Dell Barber, Colorado City, for appellants.

McMahon, Smart, Walter, Sprain & Wilson, Abilene, for appellees.

LONG, Justice.

This is a suit in trespass to try title brought by C. E. Boykin, H. J. Hedrick and W. S. Corley, Sr., against J. S. Rogers and wife, Eula Rogers, Curtis Rogers and wife, Grace Rogers, and Curtis Rogers, Jr. The defendants answered by a plea of not guilty. The land involved is Lots 7 and 8, Block 34, Original Town of Colorado (now Colorado City) in Mitchell County, Texas, on which is located the Gosnell Hotel. Upon a trial before the court without a jury judgment was rendered for plaintiffs for title and possession of the land and all personal property in the hotel. From this judgment defendants have appealed.

On the 30th day of November, 1949, Mrs. Minnie R. Gosnell, the agreed common source of title, conveyed the land in question to appellant, J. S. Rogers, and retained a vendor's lien to secure payment of a note for $60,000, payable to E. S. Hitchcock and executed by J. S. Rogers, as part of the purchase price of the property. On the same date J. S. Rogers executed a deed of trust on the property in favor of E. C. Hitchcock, Trustee, to secure E. S. Hitchcock for the purchase money advanced by him, evidenced by said note. Thereafter on July 27, 1951, the note and deed of trust were assigned by Hitchcock to L. D. Pittman. The trustee named in said deed of

trust refused to act and W. C. Westmoreland was appointed by Pittman as substitute trustee. On February 3, 1953, after proper notice had been given, the property was sold by the substitute trustee at the court house steps in Mitchell County, Texas. L. D. Pittman was the highest bidder at said sale and the property was sold to him for a cash consideration of $25,500. Thereafter by warranty deeds Pittman conveyed the property to the appellees herein.

By their points one and two appellants contend the trial court erred in awarding the title and possession of the land involved to appellees because the substitute trustee was appointed and requested to make the sale by a person who only owned a part of the secured debt. We do not agree with this contention. The evidence discloses that sometime prior to the sale by the substitute trustee the hotel located on the property involved was damaged by fire; that the hotel building and the furniture and fixtures therein were covered by fire insurance policies written by various companies. That thereafter, L. D. Pittman joined by other parties who claimed an interest in the note and deed of trust assigned to the insurance companies an interest in the note and deed of trust up to $30,000. It was stipulated in said assignment that Pittman and his associates were to be paid first after the expenses out of any foreclosure that might take place under the deed of trust. This agreement had the effect of giving the insurance companies a second and inferior lien to that held by Pittman. It is the contention of appellants that the insurance companies should have joined in the appointment of the substitute trustee and in the request for him to sell the property. It is true that the general rule is that all parties interested in a debt secured by a deed of trust must join in the appointment of a substitute trustee and in the request to the trustee to proceed to sell the property under the powers given in the deed of trust. But, we are of the opinion that appellants by their conduct have waived any irregularity that

may have existed in connection with the sale by the substitute trustee and that they; by their conduct, are estopped to deny the validity of such sale. It is conclusively established that the sale was made at the request of the appellants and that Mr. Westmoreland was selected by the appellants as a substitute trustee and that he acted as such substitute trustee and made the sale at the special instance and request of the appellants. It is conclusively established that the written appointment of W. C. Westmoreland as substitute trustee was prepared by an attorney in Jackson, Mississippi and that this attorney at that time represented the appellant, Curtis Rogers. It is shown that appellant, Curtis Rogers, brought the substitute trustee from his home in Mississippi to Texas for the purpose of having the notice of sale prepared. It is further shown that the notices of the sale under the deed of trust were prepared by an attorney at Midland, Texas, at the request of the appellants; that this attorney prepared these notices from information furnished him by J. S. Rogers. It is further shown that the appellants, Curtis Rogers and J. S. Rogers, attended the sale and that neither of them at any time made any objection to the sale. It is shown by the record that appellants were the procuring cause of the substitute trustee's sale. They selected the substitute trustee, brought him to Texas, had the notices prepared, assisted in posting notices, attended the sale and raised no question as to the validity of the sale at that time. Clearly, appellants have waived any irregularity in the sale and by their conduct they are estopped from now saying that all of the parties who held an interest in the deed of trust did not join in the appointment of the substitute trustee and in the request for him to make the sale. We believe that they have made the sale their own by their acts and conduct. Hess v. Dean, 66 Tex. 663, 2 S.W. 727; Walker v. Taylor, Tex.Civ.App., 142 S.W. 31 (Writ Ref.).

■ By their points three and four appellants contend that the court erred in awarding title and possession of the personal property in the hotel to appellees. We agree with this contention. This suit was finally narrowed down to a straight action in trespass to try title with a plea of not guilty filed by the appellants. The court had no jurisdiction over the personal property and erred in rendering judgment therefor.

The judgment of the trial court insofar as the land is concerned is affirmed. The judgment as to the personal property is reversed and remanded. The cost of this appeal is adjudged one-half against the appellants and one-half against the appellees.

Affirmed in part and reversed and remanded in part.

### On Motion for Rehearing

■ The appellants' main contention is that title to the land did not pass under the deed by the substitute trustee to Pittman for the reason the insurance companies, the owners of an interest in the indebtedness, did not join in the appointment of the substitute trustee. To sustain this contention appellants rely on Bomar v. West, 87 Tex. 299, 28 S.W. 519 and Pepper v. Continental State Bank, Tex.Civ.App., 60 S.W. 2d 1089. These cases are distinguishable from our case on the facts. In the cases cited the owners of part of the indebtedness made the appointments of the substitute trustees without the knowledge or consent of the owners of part of the indebtedness. In the instant case the insurance companies had notice of the date the sale was to be made by the substitute trustee prior thereto and made no objection to the appointment of the substitute trustee or to the sale made by him. We believe under these circumstances that the deed from the substitute trustee to Pittman passed title to the land.

Appellants' motion for rehearing is overruled.