**MERIT HOMES, INC., Appellant,**

**v.**

**ALLTEX MORTGAGE COMPANY, Inc.,
Appellee.**

No. 7725.

Court of Civil Appeals of Texas.

Texarkana.

May 3, 1966.

Rehearing Denied May 24, 1966.

L. P. Snell, Jr., Dallas, for appellant.

James E. Coleman, Jr., Gene L. McCoy, Carrington, Johnson & Stephens, Dallas, for appellee.

FANNING, Justice.

Merit Homes, Inc., appellant herein, brought suit against Mercantile National Bank at Dallas, Texas, Charles J. Hagen, substitute trustee, and the appellee herein, Alltex Mortgage Company, Inc., in trespass to try title to realty located in Dallas County, Texas. Summary judgment was granted to appellee and the same became a final judgment after the severance of all other issues and parties in the cause. Appellant has appealed.

Appellant on appeal contends to the effect that there was an issue of fact as to whether Hagen was the lawfully appointed substitute trustee to perform foreclosure sales under the four deeds of trust involved in this suit. In this connection appellant contends to the effect that there was a fact issue as to whether appellee Alltex, at whose instance Hagen was appointed substitute trustee, was the holder of the notes secured by said deeds of trusts.

Appellee in support of its motion for summary judgment filed the affidavit and supplemental affidavit of Charles J. Hagen, Vice-President of Alltex, and the affidavit of Frank Wolfe, Senior Vice-President, Mercantile National Bank at Dallas. Appellant filed the affidavit of J. P. Sanders, President of Merit Homes. Numerous exhibits were attached to all of the above affidavits with the exception of that of Frank Wolfe. These exhibits are copies of the legal documents predicating the relationship between appellant and appellee and serve to establish the source of the title in question. There are four basically iden-

tical transactions involved, involving promissory notes, deeds of trust, resignation and appointment of a substitute trustee, and substitute trustee's deeds. The affidavits and exhibits attached show the following:

1. Merit Homes, originally acquired title to all of the property in question.

2. Merit Homes became indebted to appellee Alltex on four promissory notes, each secured by a deed of trust executed by Merit Homes, Inc., et al, to Alfred L. Raney, Trustee for the benefit of Alltex, Appellee, covering the property in question.

3. Default occurred in the payment of all of the obligations above referred to and all of the indebtednesses under each deed of trust became payable in full on or before Dec. 1, 1964. These sums have not been paid to appellee and the same have been continuously due and owing since default, nor did appellant tender payment to appellee.

4. On Nov. 9, 1964, Raney, the trustee, under each of said deeds of trusts, resigned as trustee, and appellee Alltex appointed in writing, Charles J. Hagen, as substitute trustee under each of said deeds of trust.

5. Three of the above referred to deeds of trust contain the following language:

"It is further agreed that in case of any sale hereof, all prerequisites to said sales shall be presumed to have been performed, and that in any conveyance given hereunder of statements of facts, or other recitals therein made, as to the non-payment of money secured, or as to the breach of non-performance of any of the covenants herein set forth, or as to the request of the Trustee, to enforce this trust, or as to the proper and due appointment of any substitute trustee, or as to the advertisement of sale, or time or place or manner of sale, or as to any other preliminary act or things, shall be taken in all courts of law or equity as prima facie evidence that the facts so stated or recited are true."

The other deed of trust has similar provisions and provides that after a foreclosure sale the trustee or substitute trustee's deed may provide, as follows:

"It is expressly agreed that the recitals in the conveyance to the purchaser shall be full evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed."

6. Hagen gave notices of trustee's sale under each deed by proper posting. Temporary restraining order was issued restraining the sales but on the date set for hearing on the request for temporary injunction, an agreement was entered into between appellant and appellee permitting Hagen to post and foreclose the property in question.

7. On Jan. 5, 1965, Hagen, on the courthouse steps of Dallas County, Texas, conducted a trustee's sale under each of the said deeds of trust, and at such sale, the property in question was sold to Alltex. This sale included all of the property involved in this trespass to try title suit with the exception of four lots which were involved in a restraining order in a cause styled Irving Lumber Co. v. Mercantile National Bank at Dallas, et al.

8. Thereafter, on or about Jan. 11, 1965, Hagen, posted for foreclosure sale to be held Feb. 2, 1965, the balance of the lots involved herein being all of the four lots covered by above referred to restraining order obtained by Irving Lumber Company. On Feb. 2, 1965, Hagen, on the courthouse steps of Dallas County, Texas, conducted a trustee's sale and all of such property covered by such sale was acquired by appellee. By virtue of the foreclosure sales of Jan. 5 and Feb. 2, 1965, appellee acquired all of the property covered by the trespass to try title suit herein.

9. Immediately after each of said trustee's sales, Hagen, substitute trustee, executed and delivered to appellee, substitute trustee's deeds to all the property involved

in this suit. Each of said deeds recites that default was made in the payment of the indebtedness secured thereby and that "Alltex Mortgage Company, Inc., the holder of said indebtedness has since said default, requested the said Trustee to sell the property," and further recites that Charles J. Hagen, was by instrument in writing, "duly appointed as Substitute Trustee under the provisions of said Deed of Trust"; that demand was made for the sale and that the same was sold at the courthouse door of Dallas County, Texas, after the proper giving of all notices and the due performance of all other preliminary matters; and that the same was sold to Alltex Mortgage Company, Inc., the highest and best bidder at such sale.

Appellee's motion for summary judgment was based upon the ground that it was the true owner of the legal and equitable title to the property in question and that the establishment of this title constituted a complete defense to appellant's suit. Watson v. Hewitt, 45 Tex. 472 (1876); 56 Tex. Jur.2d 143. The appellant has not questioned the validity and enforceability of the notes and deeds of trust executed by it to appellee, the validity of the liens thereby existing, nor the fact of appellant's default and refusal and continuing refusal to pay its debts to appellee. Appellant does not broadly attack the foreclosures, but limits

its challenge to the legality of the appointment of Hagen as substitute trustee, contending that Alltex who appointed Hagen, was not the owner and holder of the notes, and that Hagen was not appointed by Mercantile National Bank at Dallas, the record owner and holder of the notes. Appellant's attack is thus very narrow.

The only evidence offered by appellant was the affidavit of Sanders. The only evidence conceivably relevant to the question of the propriety of the appointment of Hagen as substitute trustee is that portion of the affidavit which says that the statement made by Hagen in his affidavit reciting that Alltex Mortgage Company, Inc. was the legal owner and holder of all the indebtedness described in the deeds of trust is as shown below.[1]

The promissory notes do not show any endorsement or other factor which would indicate that anyone other than appellee was the payee and the holder. The evidence of the appellee shows that at all material times it was the owner and holder of all of said notes and liens.

In response to the Sanders affidavit, appellee presented the affidavit of Frank Wolfe, Senior Vice-President of Mercantile National Bank at Dallas, Texas, which specifically and unequivocally points out that the deeds of trust were transferred and

---

[1] "Incorrect and untrue in that the indebtedness covered by the Deed of trust note attached to said Motion for Summary Judgment as Exhibit "M" was on February 27, 1964, transferred and assigned by Alltex Mortgage Company, Inc., to Mercantile National Bank at Dallas by instrument recorded in Vol. 267, Page 0250, Deed Records of Dallas County, Texas, the said instrument being attached hereto as Exhibit "B", the indebted covered by the Deed of Trust note attached as Exhibit "N" to such Motion for Summary Judgment was transferred and assigned by Alltex Mortgage Company, Inc., on April 10, 1964, to Mercantile National Bank at Dallas by instrument recorded in Vol. 304, Page 0862, Deed Records of Dallas County, Texas, a certified copy of such instrument being attached hereto as Exhibit "C", the indebt-

edness covered by the Deed of Trust note attached as Exhibit "O" to such Motion for Summary Judgment was on March 2, 1964, transferred and assigned by Alltex Mortgage Company, Inc., to Mercantile National Bank at Dallas, by instrument recorded in Vol. 271, Page 0785, Deed Records of Dallas County, Texas, a certified copy of such instrument is attached hereto as Exhibit "D", and the indebtedness covered by the Deed of Trust note attached as Exhibit "P" to such Motion for Summary Judgment was on July 8, 1964, transferred and assigned by Alltex Mortgage Company, Inc., to Mercantile National Bank at Dallas, Texas, by instrument recorded in Vol. 363, Page 893, Deed Records of Dallas County, Texas, and a certified copy of such instrument is attached hereto as Exhibit "E"."

assigned to the bank as collateral only and "at no time has Mercantile National Bank at Dallas been the legal owner and holder of the indebtedness of Merit Homes, Inc., secured by the above and foregoing deeds of trust. It always has been and is now the position of the Mercantile National Bank at Dallas that the above described deeds of trust and the indebtednesses secured by them were at all times owned by Alltex Mortgage Company, Inc., and not the Mercantile National Bank at Dallas despite the fact that said deeds of trust were assigned of record to the Mercantile National Bank at Dallas. This was a procedural recordation, and as between the Mercantile National Bank at Dallas and Alltex Mortgage Company, Inc., it was not the intention of the parties and it was not in fact a transfer of the indebtednesses of the security interests of Alltex Mortgage Company, Inc., as represented by said deeds of trust and the promissory notes."

Mr. Wolfe's affidavit thus shows that Alltex, and not the bank, was the true owner and holder of the notes and liens in question and fully explains the intent, purpose and effect of the assignments made to the bank for collateral only. Appellant did not controvert Mr. Wolfe's affidavit.

Each of the deeds of trust contain a clause to the effect stating that all of the recitals in the substitute trustee's deeds will be deemed prima facie true and correct and each of the substitute trustee's deeds affirmatively declares that Hagen was duly appointed. In Faine v. Wilson, Tex.Civ. App., 192 S.W.2d 456, no writ (1946), it was stated:

"It is well settled that recitals occurring in the written refusal of the trustee to act and appointment of the substitute trustee, and the recitals in the substitute trustee's deed of the occurrence of the facts required to effectuate such substitute trustee's deed, when taken in connection with the provisions of the deed of trust providing that such recitals shall establish the truth thereof prima facie,

do in fact make out a prima facie case of the regularity and validity of the sale, if not rebutted. Chandler v. Guaranty Mortgage Co., Tex.Civ.App., 89 S.W.2d 250; Whittaker v. Schlanger, Tex.Civ. App., 139 S.W. 177."

We hold that the trial court correctly rendered a final summary judgment for appellee under the record in this cause.

The judgment of the trial court is affirmed.