**Pershing BUSBICE, Appellant,**

v.

**Morris L. HUNT, Appellee.**

**No. 363.**

Court of Civil Appeals of Texas.

Tyler.

June 20, 1968.

Rehearing Denied July 11, 1968.

Thornton, Thornton & Fisher, R. E. Thornton, Olney, for appellant.

Lovell, Lyle & Cobb, R. A. Renfer, Jr., Dumas, for appellee.

SELLERS, Justice.

This is a summary judgment case. Morris L. Hunt, appellee, filed this case in trespass to try title against Pershing Busbice, appellant, and a number of other parties who have not appealed from the lower court's judgment. The suit seeks to recover the title to certain land fully described in appellee's petition, all of which is located in Moore County, Texas. Morris L. Hunt, appellee, purchased the land involved from Roberts and Owen for a consideration of $40,000. Roberts and Owen had purchased the land at foreclosure of Deed of Trust sale from a substitute trustee, regular on its face in every respect. The appellant, Pershing Busbice, attacks the appointment of the substitute trustee as being void for the reason the owners of the indebtedness secured by the deed of trust did not join in the appointment of the substitute trustee. Morris L. Hunt, appellee, is in possession of the land, and farming the same.

On December 23, 1965, Mr. Leigh purchased from one Mr. Thaten the land in Moore County and gave as a part of the consideration a note in the sum of $144,000 secured by deed of trust duly recorded. On February 10, 1966, Thaten conveyed the $144,000 note to Busbice for land located in Montague County, Texas, and this land is not involved here. In connection with this trade, Busbice gave Thaten his note for $28,200. This note was secured by an assignment of the $144,000 note as security to Thaten. On May 4, 1966, Thaten transferred the $28,200 note and his right as security of the $144,000 note to Mr. Joiner. On July 15, 1966, Joiner conveyed the $28,200 note to Gene V. Owen and J. B. Roberts, together with the $144,000 note as security. These transfers fully recognize that the $144,000 note transferred was only as security of the $28,200 note. On July 15, 1966, Roberts and Owen borrowed $20,000 from the City National Bank of Plainview, Texas, executing their note to the bank and placing as security to the bank their interest in the $28,200 note and the $144,000 note securing the $28,200 note. The first payment on both the $144,000 note and the $28,200 note became due on January 1, 1967. Neither payment was made and both notes became in default after the due dates. On January 17, 1967, Leigh and Busbice were notified of the default in the payment of the notes and the foreclosure proceedings were started. Prior to the foreclosure, various conversations were had before an attorney and Busbice explaining the foreclosure procedure. The attorney handling the foreclosure proceeding felt that since Busbice was the owner of the $144,000 note up as collateral security only, that he was the proper person to appoint the substitute trustee, the trustee named in the deed of trust having filed his resignation. On January 10, 1967, Busbice, acting pur-

suant to the terms of the deed of trust and note, appointed Paul Lyle of Hale County as substitute trustee to make the foreclosure sale under the deed of trust. At the time of these proceedings, the $144,-000 note had never been assigned except as security for the payment of the $28,200 note. The substitute trustee sold the land after complying with all requirements of the deed of trust to Roberts and Owen, and Roberts and Owen sold the land to Morris L. Hunt, the appellee herein, for $40,000.

Both appellant and appellee filed motions for summary judgment, and the ·court granted the motion of appellee and denied the motion of appellant.

Appellant assigns error of the trial court in holding that he (appellant) was the owner of the debt secured by the deed of trust, and for that reason, the proper party to appoint the substitute trustee.

■ We are of the opinion the trial court was correct in his ruling that appellant was the owner of the indebtedness secured by the deed of trust although the bank held the note and deed of trust as security for the debt of another. We understand this to be the holding of the court in the case of Merit Homes, Inc. v. Alltex Mortgage Company, Inc., Tex.Civ. App., 402 S.W.2d 943, and authorities therein cited. We are of the opinion that the trial court's judgment upholding the trustee's sale should be sustained for another reason and that is, the appellant is the person who appointed the substitute trustee; he is the only appellant on this appeal and seeks to have this Court declare illegal that which he alone was responsible for, same being the appointment of the substitute trustee. By his own conduct, he is estopped to assert the invalidity of the appointment of the substitute trustee. Rogers v. Boykin, Tex.Civ.App., 298 S.W. 2d 199.

■ Appellant contends estoppel cannot be relied upon by appellee since he has no pleading of estoppel. We overrule this contention since appellee sues in trespass to try title, and a title by estoppel can be shown under such pleading. Franklin v. Smith, Tex.Civ.App., 265 S.W. 715, 718:

"Upon further consideration, upon motion for rehearing, we have reached the conclusion that we were in error in the holding above mentioned. It was not necessary to specially plead the facts of estoppel to entitle appellant to recover. The customary allegations in case of trespass to try title are sufficient to authorize proof of any fact tending to establish the title of the plaintiff. Blumenthal v. Nussbaum (Tex.Civ.App.) 195 S.W. 275; Edwards v. Barwise, 69 Tex. 84, 6 S.W. 677."

The judgment of the trial court is affirmed.