David LAWSON, Trustee, Appellant,

v.

David. K. GIBBS, Appellee.

No. A2150.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 17, 1979.

Granted Nov. 14, 1979 with opinion.

Second Motion on Rehearing
Overruled Dec. 5, 1979.

John W. Wheat, Wheat, Thornton & Burnett, Will G. Dickey, Houston, for appellant.

Paul J. McConnell, III, DeLange, Hudspeth, Pitman & Katz, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

This appeal raises the issue of the validity of a foreclosure sale under a deed of trust conducted by a substitute trustee appointed by the collateral assignee and indorsee of a real estate vendor's lien note. The trial court granted summary judgment in favor of the property owner against the purchaser at the foreclosure sale, declaring the sale void. We reverse.

The suit was brought by David K. Gibbs, the owner of a tract of land, to quiet title in him and to declare void an attempted foreclosure sale. The property was originally owned by William H. Craig, who sold it to Wortham Investments, Inc., on April 1, 1975. The $100,000.00 first mortgage and deed of trust securing same are not in issue. Craig retained a subordinate vendor's lien for $10,000.00 secured by a deed of trust naming John L. Buvens as trustee. On April 7, 1975, Craig executed a collateral transfer of that $10,000.00 note to Main Bank of Houston, granting the bank a security interest in the note, to secure his payment of a separate indebtedness to that bank. On the same day Craig indorsed and delivered the note to Main Bank of Houston. Craig filed a petition under Chapter XI of the Bankruptcy Act and on September 17, 1975, a stay order was entered in that proceeding. On October 14, 1975, Wortham Investments, Inc. conveyed the property to appellee Gibbs by general warranty deed retaining a vendor's lien to secure a $10,977.20 note which the deed calls a "second lien note." There is no mention in that deed of the preexisting $10,000.00 vendor's lien note which Craig had collaterally assigned and indorsed to Main Bank of Houston.

On November 15, 1976, Main Bank of Houston appointed a substitute trustee of the deed of trust securing the $10,000.00 note indorsed and collaterally assigned to it by Craig. Notices of the trustee's sale were posted as provided by the deed of trust, and on December 7, 1976, Terrance Baggott, the substitute trustee, sold the subject property to David A. Lawson, Trustee, the highest bidder. Lawson is one of the defendants sued by Gibbs, and the appellant before this court.

The trial court granted plaintiff Gibbs's motion for summary judgment against purchaser Lawson and denied Lawson's motion for summary judgment. The court held that Craig, the collateral assignor, was the legal owner and holder of the note, and therefore the only proper party to appoint a substitute trustee. The court based its holding on the case of *Merit Homes, Inc. v. Alltex Mortgage Company*, 402 S.W.2d 943 (Tex.Civ.App.-Texarkana 1966, writ ref'd n.r.e.).

Appellant assigns error in the trial court's ruling, claiming that the court incorrectly interpreted the applicable law, and alternatively that there are material fact issues in dispute. He appeals from the granting of Gibbs's motion for summary judgment and from the overruling of his own motion for summary judgment.

When both parties have filed motions for summary judgment and one is granted, the court of civil appeals should determine all questions presented, including the propriety of the order overruling the losing party's motion for summary judgment. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958). Thus, this court may consider the decision of the trial court in its review of the error claimed.

Appellee relies heavily on two cases, *Merit Homes, supra* and *Busbice v. Hunt*, 430

S.W.2d 291 (Tex.Civ.App.-Tyler 1968, writ ref'd n.r.e.). In both of those cases a note secured by a deed of trust was assigned as collateral by the holder to a third party. Upon default the collateral assignor of the note then appointed a substitute trustee under the deed of trust to institute foreclosure. In neither of those cases was the note ever indorsed by the holder to the collateral assignee. The sale by the substitute trustee in those cases was upheld on the ground that the collateral assignor was the proper party to appoint the substitute trustee.

■ Those cases are clearly distinguishable from the present case. The courts in *Merit Homes* and *Busbice* found the appointments proper not because the collateral assignor had that right inherently, as appellee contends. The appointments were proper because they were made by the holder of the note. In the present case it is undisputed that Craig indorsed the note in question to Main Bank of Houston; the issue then is the legal effect of that indorsement.

■ Negotiation of an instrument is a transfer of that instrument in such form that the transferee becomes a holder. Tex. Bus. & Com.Code Ann. § 3.302(a) (Vernon 1968). A holder is defined as a person who is in possession of an instrument drawn, issued or indorsed to him or to his order or to bearer or in blank. Tex.Bus. & Com. Code Ann. § 1.201(20) (Vernon 1968). The code states that if it is an instrument payable to order, delivery with the necessary indorsement makes the transferee a holder. Tex.Bus. & Com.Code Ann. § 3.202(a) (Vernon 1968). Thus, Main Bank of Houston became the holder of the Craig note by Craig's indorsement and delivery. This is a status never attained by the collateral assignee in *Merit Homes* and *Busbice,* and makes the present case distinguishable from those decisions.

■ According to the code, a holder may transfer, negotiate, discharge or enforce the note in his own name. Tex.Bus. & Com.Code Ann. § 3.301 (Vernon 1968). The mortgage of the property is an incident of the debt; and as long as the debt exists, the security will follow the debt. *Nutt v. Anderson,* 87 S.W.2d 760 (Tex.Civ.App.-Fort Worth 1935, writ dism'd). The power of nonjudicial foreclosure and sale must be exercised in strict compliance with the terms of the deed of trust creating that power. *Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671 (1942). An examination of the deed of trust in this case reveals that the "legal owner and holder" of the note secured is the "beneficiary." The deed of trust authorizes the beneficiary to appoint a substitute trustee, by designation in writing, who succeeds to all the rights and powers of the original trustee.

Appellee Gibbs argues that even if Craig's indorsement gave Main Bank the rights of a holder, Craig remained the legal owner of the note, thus precluding the bank from becoming the "beneficiary." We disagree. When Craig, as payee of the note, unconditionally indorsed and delivered the note to the bank, the bank acquired the ownership interest of the payee. We hold that the indorsement and delivery of the note to the bank gave it the status of "legal owner and holder." As that is the definition given of beneficiary, and the beneficiary is entitled to appoint a substitute trustee, the appointment by Main Bank of Terrance Baggott as substitute trustee of the deed of trust was valid. Therefore, the trustee's sale of the property under the terms of the deed of trust, at the direction of the Bank, was valid.

■ The opinions in the *Merit Homes* and *Busbice* cases strongly reinforce this conclusion. The *Merit Homes* court stated:

> The promissory notes do not show any endorsement or other factor which would indicate that anyone other than appellee was the payee and the holder. The evidence of the appellee shows that at all material times it was the owner and holder of all of said notes and liens. 402 S.W.2d at 945.

In those cases had the assignors indorsed and delivered the collaterally assigned notes to the assignees, the collateral assignee would have been the proper party to ap-

point the substitute trustee under the terms of the deeds of trust, in the capacity of holder. Absent the indorsement the only rights of the collateral assignee in the collateral are those defined in Article 9 of the UCC, as adopted by Texas in Tex.Bus. & Com.Code Ann. § 9.101 et seq. (Vernon 1968), governing secured transactions.

Thus, had Main Bank been only a collateral assignee of the note, its remedy upon default would be judicial foreclosure of the assigned note under Tex.Bus. & Com.Code Ann. § 9.501 (Vernon 1968). Only by taking that step could it have acquired the rights of owner and holder.

Appellee further contends that the foreclosure sale was void on the ground that it was conducted in violation of the stay order entered in the bankruptcy proceedings of William H. Craig. The record reflects that on February 4, 1977, the bankruptcy court approved the disposition of the proceeds of the foreclosure sale of Main Bank toward the secured indebtedness. Appellee cites the case of *Claude Regis Vargo Enterprises v. Bacarisse,* 578 S.W.2d 524 (Tex.Civ.App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.) as authority to hold the sale void. That case held valid a sale conducted while a stay order was in effect on the ground that the subsequent order annulling the stay invalidated the stay *ab initio.* The court held that the annulling order served to validate all actions taken during the pendency of the proceedings.

■ We hold that the order of the bankruptcy court approving the distribution of proceeds from the foreclosure sale served to invalidate the stay order as to this sale. Thus, the sale will not be declared void on this ground.

■ Appellee contends that the presence of unresolved issues of material fact precludes this court from rendering judgment in favor of appellant. Appellee asserts that the lack of notice to him as the owner of the property, coupled with the allegedly grossly inadequate price obtained, raised an issue of irregularity of the sale. Appellee cites no authority, and research reveals none, to support the assertion that the land-

owner must be given notice of a foreclosure sale. The debtor obligated to pay the debt according to the records of the holder must be given notice of the sale according to Tex.Rev.Civ.Stat.Ann. art. 3810 (Vernon Supp. 1978–1979). In this case Wortham Investments, Inc., in the capacity of the debtor, was given such statutory notice. Had Main Bank been aware that appellee Gibbs had purchased the property, such knowledge would have imposed no legal duty to give Gibbs notice of the sale. Thus, whether or not the bank had such knowledge is not an issue of material fact.

■ The only evidence of grossly inadequate price is found in the summary judgment proof of the appellee. Mr. Gibbs states by affidavit his opinion that the property had a value far in excess of the amount recovered. Such an assertion, even if sufficient to raise a material fact issue, does not preclude the rendition of judgment in favor of appellant. The law is clear that proof of inadequacy of price received at a deed of trust sale will not alone support setting aside the sale. Such proof must be coupled with other factors tending to establish irregularities. *Tarrant Savings Association v. Lucky Homes, Inc.,* 390 S.W.2d 473 (Tex.1964). Appellee has raised no other issue of material fact which could constitute such irregularity. Thus, in the absence of genuine issues of material fact, the judgment of the trial court is reversed and rendered in favor of appellant, David Lawson, Trustee.

Reversed and Rendered.

ON MOTION FOR REHEARING

Appellee's motion for rehearing is overruled.

Appellant's motion for rehearing points out that in his counterclaim he had sought to recover damages from David K. Gibbs for withholding possession of the property in question from December 7, 1976. Since this court has held that appellant was entitled to summary judgment against Gibbs on the question of title to and possession of the property, it follows that this cause should

be remanded to the trial court for a determination of the damages due to Lawson, Trustee, from Gibbs.

Appellant's motion for rehearing is granted; and the opinion of this court is modified to remand this cause to the trial court for a determination of damages due to Lawson, Trustee, on his cross-action against David K. Gibbs.