NO. 07-03-0052-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 7, 2005



______________________________




JAMES JONGEBLOED, APPELLANT



V.



HORKEY OIL COMPANY, INC., APPELLEE




_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-512,745-A; HONORABLE MACKEY HANCOCK, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ. (1)



ON MOTION FOR REHEARING



 Remaining convinced that our original disposition is correct, we overrule appellant
James Jongebloed's motion for rehearing with these additional comments.

 The guaranty signed by Jongebloed constitutes a contract whereby he agreed to be
responsible for the performance of Petro Express, Ltd., and is not a negotiable instrument
or governed by the provisions of the Texas Uniform Commercial Code. See Material
Partnership, Inc. v. Ventura, 102 S.W.3d 252, 256, 260 (Tex.App.--Houston [14th Dist.]
2003, pet. denied); Cortez v. Nat. Bank of Commerce, 578 S.W.2d 476, 478 (Tex.Civ.App.
--Corpus Christi 1979, writ ref'd n.r.e). By his first argument, citing Western Nat. Bank v.
Rives, 927 S.W.2d 681, 685 (Tex.App.--Amarillo 1996, writ denied), and Lawson v. Gibbs,
591 S.W.2d 292, 294 (Tex.Civ.App.--Houston [14th Dist.] 1979, writ ref'd n.r.e.),
Jongebloed contends we erred in holding that Horkey could enforce the guaranty
agreement. However, neither of the cases cited were suits to recover upon a written
guaranty as presented here. Instead, in Rives, the bank sought to recover on an
endorsement of a lost note. Similarly, in Lawson, suit was an action to quiet title following
private foreclosure of a deed of trust. 

 As we understand his argument, Jongebloed contends the term "holder" as used in
the guaranty agreement means the holder of the promissory note, not the holder of the
guaranty, even though the guaranty agreement designated Petro Express, Ltd. as the
debtor and Horkey as the holder. While the term "holder" is often used in the context of a
suit to recover on a negotiable instrument, its also appropriate in other situations. See
generally Melton v. State, 993 S.W.2d 95, 100 (Tex. 1999) (holding that a county clerk's
statutory custody of cash bail bonds confers "holder" status); Mercury Life Insurance
Company v. Mata, 310 S.W.2d 130, 134 (Tex.Civ.App.--San Antonio 1958, writ ref'd) (using
the term "holder" to describe the beneficiary of a group life and accident policy).

 Further, by paragraph 4(b) of the guaranty agreement, Jongebloed expressly agreed
he would not be entitled to require that Horkey sue or assert a claim for personal judgment
against Petro Express, Ltd. or make any effort to collect the note from Petro Express, Ltd. 
Also, by paragraph 4(g), Jongebloed agreed that suit could be brought against the
guarantor without making the debtor a party to such suit. Considering that Horkey was also
the holder in fact of the guaranty agreement, Jongebloed's verified pleading that Horkey
did not have standing to sue on the guaranty was rendered moot by the express provisions
of paragraph 4. 

 By his second contention, Jongebloed contends the trial court's (1) refusal to reopen
the scheduling order, (2) admission of testimony by Horkey's improperly designated
witness, and (3) refusal to allow testimony by his undesignated witness mandates a new
trial. We disagree. 

 After the trial court denied Horkey's motion for summary judgment on July 15, 2002, 
appearing by his third attorney of record on October 8, 2002, Jongebloed filed a motion in
limine, a motion to nonsuit his counterclaim, informed the court that he abandoned his claim
that he did not sign the written guaranty, and waived a jury trial. With commendable
professional candor, counsel suggests the facts are largely undisputed and the primary
issue is the construction of the guaranty agreement. Indeed, from our review of the record,
the case can be described as "document intensive" so that additional discovery would not
have been helpful and testimony regarding the collateral for Horkey's loan would not be
controlling or dispositive. Even if the trial court's rulings constituted an abuse of discretion,
a question we need not decide, we conclude reversible error has not been demonstrated. 
See Tex. R. App. P. 44.1. See also Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818,
820 (Tex. 1980); In re Marriage of Scott, 117 S.W.3d 580, 584 (Tex.App.--Amarillo 2003,
no pet.).

 Accordingly, Jongebloed's motion for rehearing is overruled.


 Per Curiam




 


 
1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. He
did not participate in the decision. Tex. R. App. P. 41.1(b).