Opinion filed April 26, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed April 26, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00148-CV 

                                                    __________

 

                              IN THE INTEREST OF A.N.B., A CHILD

 



 

                                         On
Appeal from the 326th District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 33,638-C

 



 

                                              M
E M O R A N D U M   O P I N I O N

Sheila
K. Barnes appeals the trial court=s April 8, 2004 order granting Ronald Duane
Barnes=s motion to modify parent-child
relationship.  We affirm.

                                                                    Background

Sheila
and Ronald were married in 2000.  Their
daughter, A.N.B., was born in June 2001. 
In October 2001, Sheila filed a petition for divorce.  The case was heard on November 13, 2002, and
the trial court signed the original divorce decree on November 27, 2002.  The trial court granted Sheila=s motion for new trial and set aside the
2002 divorce decree.








On
September 2, 2003, the trial court signed the final divorce decree.  Sheila and Ronald were appointed joint
managing conservators of their daughter A.N.B. 
Three months later, Ronald filed a motion to modify seeking to be the
person having the sole right to designate A.N.B.=s
primary residence.  After a hearing on
April 7, 2004, the trial court granted Ronald=s
motion and appointed Ronald sole managing conservator of A.N.B.

                                        Sheila=s Bankruptcy Proceedings

After the granting of Sheila=s motion for new trial and prior to the
entry of the 2003 final divorce decree, Sheila filed a voluntary petition for
Chapter 13 bankruptcy on April 15, 2003. 
See 11 U.S.C. ch. 13.  On
November 14, 2006, the bankruptcy court entered an order lifting the statutory
automatic stay under 11 U.S.C. '
362(a) and granting retroactive relief. 
In its order, the trial court stated:

[T]he
automatic stay herein under 11 U.S.C. '
362(a) is annulled, and relief from the automatic stay pursuant to 11 U.S.C. ' 362(d) is granted to [Ronald], in
regard to the litigation pending between [Ronald] and [Sheila] in the 326th
District Court of Taylor County, Texas, Cause No. 33,638, such relief to be
retroactive to September 2, 2003, on or before the entry of the Final Decree of
Divorce therein.

 

Sheila filed a notice of appeal from this order and requested a
stay pending her appeal.  The bankruptcy
court denied her request for a stay.

                                                       Sheila=s Sole Issue on Appeal

In her sole issue on appeal, Sheila attacks the
validity of the 2003 divorce decree. 
Sheila argues that the 2003 decree is void because all proceedings in
the trial court were automatically stayed pursuant to Section 362(a) when she
filed her bankruptcy petition.[1]  Sheila relies on the Texas Supreme Court
holding in Continental Casing Corp. v. Samedan Oil Corp., 751 S.W.2d
499, 501 (Tex. 1988), where the court stated that actions taken in the trial
court during an automatic bankruptcy stay were Avoid,
not merely voidable.@

                                        Bankruptcy
Court=s Order
Concerning the Stay








While under Texas
law actions taken by the state courts are void during an automatic stay, the
bankruptcy court may validate such actions. 
Goswami v. Metro. Savs. & Loan Ass=n,
751 S.W.2d 487, 489 (Tex.
1988); In re Sensitive Care Inc., 28 S.W.3d 35, 38 (Tex. App.CFort Worth 2000, orig. proceeding); Lawson
v. Gibbs, 591 S.W.2d 292, 295 (Tex. Civ. App.CHouston
[14th Dist.] 1979, writ ref=d
n.r.e.).  The bankruptcy court=s November 14 order did exactly
that:  the order expressly validated
actions taken by the trial court after the date Sheila filed her bankruptcy
petition.  Therefore, the 2003 divorce
decree is not void, and Sheila=s
issue is overruled.

                                                             This
Court=s Holding

The order of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

April 26, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]We note that, at the time Sheila filed her bankruptcy
petition, continuation of civil proceedings involving support obligations,
child custody, visitation, and the dissolution of the marriage (not including
property division) were not subject to the automatic stay.  11 U.S.C. '
362(b)(2)(A) (1978).  The current law
provides the same exemptions from the automatic stay.  11 U.S.C. '
362(b)(2)(A) (2006).