HUGH YARBOROUGH v. MATTHEW WOOD.

1. SHERIFF'S AGENCY IN MAKING SALE OF LAND.—Such agency is in behalf of the plaintiff in execution to the sum required to satisfy the judgment, and in behalf of the defendant in execution as to the residue of the money bid at such sale.

2. VENDOR'S LIEN will be enforced to secure the payment of the bid by a purchaser at sheriff's sale above the satisfaction of the judgment, for the payment of which credit is given by consent of the defendant in execution.

3. CREDITS ON NOTE—BANKRUPTCY.—The bankruptcy of the payee of a note taken by such payee for a debt due his principal will not deprive the maker from such credits as he has honestly acquired in belief that the payee of the note was the owner.

APPEAL from Smith. Tried below before the Hon. Z. Norton.

*John L. Henry* and *Stephen Reaves*, for appellant.

*Herndon & Robinson*, for appellee.

GOULD, ASSOCIATE JUSTICE.—This suit was brought by appellant, Hugh Yarborough, on the following instrument executed by appellee, Matthew Wood.

Agreement between Matthew Wood and George Yarborough:

" That said Matthew Wood agrees to pay to the order of George Yarborough the balance of nineteen hundred and sixty-three dollars, with ten per cent. interest on said balance from date, after paying all legal debts or judgments against Hugh Yarborough, for which the land was sold. Tyler, December 4, 1861.

"(Signed)            MATTHEW WOOD."

Appellant claimed that this instrument was executed to George Yarborough as his agent, and in payment for his land; that the debt was due to him, and asked for the enforcement of a vendor's lien claimed to exist in his favor. It appears from the pleadings and evidence that a tract of 320 acres of land was levied on by virtue of two executions against Hugh Yarborough, amounting together to the sum of $109, and on the         day of December, 1861, was sold by virtue of said executions, and bid off by George Yarborough, for the sum of $1,963.50. George Yarborough arranged with appellee, Wood, to take the land at his bid, and pay to the sheriff the amount of the executions under which the land was sold. It seems that George Yarborough, as agent for his brother Hugh, had also arranged with the sheriff that the payment of the excess of his bid over the amount of the executions should not be required in cash, and this privilege he extended to Wood. Wood accordingly executed the instrument sued on, paid the executions, and received the sheriff's deed directly to himself. He subsequently paid off two other judgments against Hugh Yarborough, at the request of George, amounting to $152.50. Defendant, Wood, claimed also to have dealt with George Yarborough as the owner of his obligation, and claimed credit for various claims against him. The verdict was as follows:

"We, the jury, find for the plaintiff $1,697.75; and we further find that the land described in the plaintiff's petition was sold by the sheriff of Smith county, as sheriff, by virtue of two executions, and it was sold at public auction;

and that the instrument sued on in this case was given for the money bid at the said sale."

· The court refused to give any instructions recognizing that the plaintiff was or might be entitled to the vendor's lien, and the judgment rendered is simply for the recovery of the amount found.

It is not proposed to notice all of the errors assigned.

It is evident that the verdict of the jury is for a less amount than plaintiff was entitled to, allowing defendant every credit or offset claimed in his pleadings, and even giving him the benefit of credits not set up in his answer, and which he was erroneously permitted to prove over the objection of plaintiff. These errors are each pointed out in the assignment, and are sufficient to entitle plaintiff to the new trial which was asked and refused.

We are also of the opinion that, if the instrument sued on was given in payment for the excess of the purchase money bid for the land over the amount of cost required ·by the sheriff to satisfy the executions under which it was sold, the fact that the transaction was consummated through the powers of a sheriff's deed, is not inconsistent with the existence of the vendor's lien. Counsel for neither party have cited us to any case in point, nor have we found any, and in the absence of authority we are left to apply the principles which we think control the question. The · excess of the amount realized at an execution sale over what is required to satisfy the executions is the property of defendant in execution, and, of course, subject to his control. It is, we think, correctly argued by appellant that the sheriff, in making the sale, may be regarded as the agent of the execution creditors to the extent of their claim, and of the defendant in execution as regards any surplus. (Crocker on Sheriffs, secs. 407, 471; Ross on Judicial Sales, secs. 54–56; Cooper's Lessee *v.* Galbraith, 3 Wash. C. C., 546.)

This principle has been applied so as to recognize that,

by consent of all the parties, a sheriff sale may be made on a credit. (Kilgore v. Peden, 1 Strobh., 18; 6 Cowen, 467; 3 Selden, 453.) If, then, in this case the plaintiff and sheriff, at his request, made through his agent, extended time to defendant for so much of his bid as plaintiff rightfully controlled, it is not perceived that the transaction is not in substance *pro tanto* a sale of the land consummated through the powers of a sheriff's deed. The substantial principle upon which the vendor's lien is said to rest, "that a person who has gotten the estate of another ought not in conscience, as between them, to be allowed to keep it, and not to pay the full consideration money," seems applicable to the case. (Story's Eq., sec. 1219.) The facts of the case seem to us to be such as entitled the plaintiff in equity to the lien. (Wynn v. Flannegan, 25 Tex., 778.) By his consent only was it that defendant was enabled to receive a deed without paying in full in cash. The deed to that extent may be regarded as the act of plaintiff. So regarding it, the law would uphold the lien, unless it is waived either expressly or by acts showing such intention. (Briscoe v. Bronaugh, 1 Tex., 326.)

It is not perceived that the bankruptcy of George Yarborough affected the right of Wood to such offsets as he acquired under the honest belief that George Yarborough was the party with whom he had dealt and to whom he was indebted.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.