W. T. PATTON ET AL. v. MRS. NETTIE WILLIAMS.

Decided March 5, 1904.

**1,—Continuance—Application—Materiality.**

Where an application for continuance stated that "to show the materiality of the testimony of the witnesses for which this continuance is sought defendants state that they expect to prove," etc., followed by a statement of facts which on the face of the application seem to have been material, but contained no direct averment that the testimony was material, the application was properly overruled. Rev. Stats., art. 1278.

**2.—Same—Due Diligence.**

An application for continuance is defective which fails to state that the applicant "has used due diligence" to procure the absent testimony, although the facts stated may seem to show diligence.

**3.—Pleading—Stating Date—Certainty.**

A petition alleging breaches of a liquor dealer's bond as having been made "on or about the 23d day of December, 1901, and on divers days before and after said date during said month," was not subject to special exception for being too vague, indefinite and uncertain.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

*Eli Oxford* and *Nugent & Pannil,* for appellants.

*J. T. Daniel,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The first requisite of an application for a continuance on the ground of the want of testimony is, that "the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof." Rev. Stats., art. 1278. The application overruled in this case did not contain the affidavit that the testimony was material, and was therefore fatally defective. The nearest approach to it was the following: "To show the materiality of the testimony of these witnesses the defendants state that they expect to prove," etc., which was followed by a statement of facts which on the face of the application seems to have been material. This suggests an evasion of rather than a compliance with the positive requirement of the statute. The same statute requires the affidavit to state that the party applying for the continuance "has used due diligence to procure such testimony, stating such diligence," and it has several times been held that an application is bad which fails to state that the party "has used due diligence," although the facts stated may seem to show diligence. Earle v. State, 1 Texas Law Journal, 51, 76 S. W. Rep., 207; Railway Co. v. Hogan, 88 Texas, 684, 32 S. W. Rep., 1035, and cases there cited. Precisely the same form of expression is used in stating these two requirements of the statute, and there is no room for a difference of construction. The cases cited and the one before us are parallel.

The petition alleging the breaches of the liquor dealer's bond declared on to have been made "on or about the 23d day of December, 1901, and on divers days before and after said date during said month," was not subject to special exception for being "too vague, indefinite and uncertain." The evidence was confined to one breach, on or about December 23, 1901.

The application for new trial on the ground of newly discovered evidence, namely, that of the bartender of appellant Patton, was wholly wanting in diligence.

The court's findings of fact were warranted by the evidence. We therefore adopt them and also his conclusions of law.

The judgment is affirmed.

*Affirmed.*