PUNTNEY v. MOSELEY et al.    (No. 1903.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 1, 1922. Rehearing Denied March 8, 1922.)

**1. Continuance ⬀37—Affidavit not presented to court cannot be considered as motion.**

An affidavit by defendant that he was too ill to attend court on the day set for trial, and which closed with a prayer for continuance of the cause, but which was not shown to have been presented to the court or to have been ruled upon by the court, cannot be considered as a motion for continuance under rules for the district court, rule 55 (142 S. W. xxi).

**2. Continuance ⬀7—Application not statutory is addressed to court's discretion.**

A motion for continuance which is not a statutory application is addressed to the sound discretion of the court.

**3. Continuance ⬀12—Overruling affidavit for continuance held not abuse of discretion.**

Where defendant had signed an affidavit requesting continuance because of his illness, and the record showed that the case was, by agreement, postponed to a future day of the term, and was tried 24 days after filing the affidavit, without showing that at that time defendant was too sick to attend the trial, or that his absence affected the trial of any issue, there is no showing of error in overruling the application for continuance.

**4. Process ⬀6—Notice of amended petition not necessary after answer.**

Where defendant has answered the original petition which was an appearance for all purposes under Rev. St. art. 1882, he is not entitled to notice of the filing of an amended petition which was filed after leave granted in open court, even if such petition stated a new cause of action, since it was his duty to take notice of such amendment.

**5. Mortgages ⬀378—Grantor of trust deed has no interest after trustee's sale for amount of debt.**

The original grantor in a trust deed given to secure payment of a note which vested in the trustee power to sell for satisfaction of the debt has no interest in the premises after the trustee has sold them for an amount sufficient to discharge the debt, but without leaving any surplus.

**6. Mortgages ⬀378—Trustee is agent of grantor to sell and pay debt.**

A sale by a trustee under a power contained in a trust deed to secure a debt is in effect a sale by the agent of the grantor of the trust deed.

**7. Mortgages ⬀365—Failure to pay bid at trustee's sale raises implied vendor's lien.**

Where the purchaser at a sale by a trustee, under a deed given to secure the payment of a debt, failed to pay the amount of his bid, an implied vendor's lien was raised by law to secure the payment of the bid.

**8. Mortgages ⬀365—Original grantor not necessary party to enforcement of vendor's lien against purchaser at foreclosure.**

Where a trustee had sold the property for an amount sufficient to pay the note secured by the trust deed, but the purchaser had failed to make good the check given for the amount of his bid, which was dishonored for want of funds, a suit by the trustee and the original creditor to recover the amount of the bid from the purchaser, and to foreclose the vendor's lien implied to secure the bid, is an election to treat the sale as vesting the title in the purchaser, which relieved the original debtor of any obligation to pay the note, so that the original debtor was not a necessary party to such suit.

**9. Venue ⬀32(2)—Objection to place of trial is waived by failure to plead privilege after amendment of petition.**

Where the county in which the suit should be tried was a matter of privilege, and not of jurisdiction, the defendant waived his privilege to be sued in the proper county by failing to file a plea of privilege after plaintiff, subsequent to defendant's answer, had amended his petition so as to entitle defendant for the first time to plead his privilege.

**10. Costs ⬀260(4)—Damages for delay not assessed where questions were presented in good faith.**

Where the legal questions raised by plaintiff in error were apparently urged in good faith, the damages for delay will not be assessed against him though the judgment is affirmed.

Error from District Court, Deaf Smith County; Reese Tatum, Judge.

Suit by J. R. Moseley and another against B. G. Puntney and another. Judgment for plaintiffs, and the named defendant brings error. Affirmed.

Puntney & Puntney, of Amarillo, for plaintiff in error.

W. H. Russell, of Hereford, for defendants in error.

HUFF, C. J. J. R. Moseley and Geo. Muse filed a petition in the district court of Deaf Smith county against B. G. Puntney and John H. Bean, alleging: That on December 18, 1919, John H. Bean executed to Geo. L. Muse, as trustee, a deed of trust on two quarter sections of land situated in Castro county, Tex., given to secure one promissory note

made by John H. Bean and payable to J. R. Moseley for the sum of $3,200, due on or before January 1, 1921, with 7 per cent. interest from January 1, 1920, and providing for 10 per cent. attorney's fees. Thereafter, on March 10, 1921, at the request of Moseley, who was the owner and holder of the note, and beneficiary in the deed of trust, Geo. L. Muse, advertised the land for sale under the powers therein, the sale to be made at the courthouse door at Dimmitt, Castro county, Tex., on April 5, 1921. In pursuance of such notice and the power conferred by the deed Muse sold the land on the date advertised, and B. G. Puntney being present at the sale, and bidding the sum of $3,831.41, which was the principal, interest, and attorney's fees due on the note, the land described was sold to him as the highest and best bidder. Puntney at that time represented to the trustee, Muse, and J. R. Moseley that he had made arrangements with his banker for the amount of his bid, and that he had that amount in the First National Bank of Amarillo, Tex. Relying upon that statement they accepted Puntney's check for the sum of $3,831.41, and then and there delivered to Puntney a trustee's deed, conveying the land to Puntney. That Puntney filed the deed for record in Castro county, and the same was thereafter duly recorded. That thereafter the check so given was presented to the bank for payment, and was refused payment for the reason that Puntney did not have funds in the bank to pay the same.' That in fact he had made no such arrangements as represented, and did not have the funds in the bank. That the representations' were so made by Puntney for the purpose of obtaining a deed to the land, and without any consideration therefor, and that the consideration for said sale had wholly failed, and that he in fact paid nothing. That no title in fact passed to Puntney, but that the deed of trust before described from Bean to Muse, trustee, is still in full force and effect to secure the payment of the $3,200 note, with all interest and attorney's fees. The note was payable at Hereford, Tex., etc. The prayer was that the trustee's deed to Puntney be in all things canceled and held for naught, and for judgment for the principal, interest, and attorney's fees stipulated in said note, and a foreclosure of the trust deed lien as it existed on December 18, 1919, and that all interest or claim made by Puntney be decreed to be subordinate to the previous note, for order of sale and possession, and for general relief.

Puntney was duly served, and answered, filed his answer on the 3d day of May, 1921, filing simply a general denial. It seems that Bean was not served, and made no appearance at the court. On the 3d of May, 1921, Puntney filed an affidavit stating that he was then not physically able to go to trial during the term of the district court at Hereford, on account of being too sick to attend; that he had been confined to his bed a good part of the time, and that he got up out of his bed to come up town to make the affidavit, and that he expects to return to his home and again take his bed; and states that a continuance is not sought for delay only, but that justice may be done, and that this was his first application for continuance. On the 27th day of May, 1921, the plaintiffs filed an amended petition, stating that, because no service had been had on John H. Bean, and because he was not a necessary party to the suit, they dismissed as to him, but that Puntney had been duly cited and further made his appearance on May 3d, 1921. They set up in their amended petition substantially the same facts as alleged in the original petition, but alleged that the check was given for the use and benefit of plaintiff Moseley herein, and to discharge said note secured by Bean's trust deed, and in payment for the land herein described, and in consideration for the said deed of conveyance by said trustee to said Puntney, and that, by reason of the premises, plaintiffs say that the consideration given for said land and trustee's deed had wholly failed, and the plaintiffs have vendor's lien on said land, and as well said Geo. L. Moseley has such lien, for the use and benefit of plaintiff Moseley, which lien the plaintiffs are entitled to have foreclosed; and the prayer in the amendment is for the amount of the check, $3,831.41, and for the sum of $4 for revenue stamps placed on the deed, and for interest and foreclosure of the vendor's lien on said land. The district court met on the 2d day of May, A. D. 1921, and adjourned on the ――――― day of June. The judge's docket shows that on the 3d day of May, 1921, both plaintiffs and defendants in error were granted leave to amend, and that the case was passed temporarily by agreement. On the 27th of May judgment was rendered against Puntney for the amount of the check, interest, and foreclosure of the lien against the tract of land, the judgment reciting that the plaintiff appeared in person and by attorney and announced ready for trial, and defendant Puntney appeared by original answer filed herein. The court found the facts' substantially as alleged in the petition; that is, that Puntney bought the land at the trustee's sale, secured a deed from the trustee to himself, and recorded it, gave his check for the amount above stated, and that the check was not paid by the bank because of no funds. The evidence supports the court's finding.

[1-3] By propositions plaintiff in error asserts error in overruling his application for continuance. The application is simply an affidavit, the last portion of which seems to be in the nature of an application for con-

tinuance. There is nothing in the record showing that it was ever presented to the trial court or acted on by him. There is no order overruling it or exception reversed to any action of the court thereon or any bill of exception. We cannot consider the affidavit as a motion acted upon by the court to which an exception was taken. Rule 55 for district courts (142 S. W. xxi). It certainly was not a statutory application for a continuance, and was therefore, if it had been presented to the court, in the sound discretion of the trial court whether it should be sustained or overruled. The case, the record shows, was by agreement postponed to a future day of the term. It is not shown that plaintiff in error was too sick or unable to attend on the day of trial, which was on the 27th of May, 24 days after filing his affidavit. There is no showing that his absence affected or would affect the trial or any issue in it, or that he knew any fact that could not have been obtained elsewhere which would have resulted in a different verdict. We think there is no merit in the propositions.

[4] It is also asserted by propositions that defendants in error set up a new cause of action by their amended original petition. The two pleadings set up the same facts, but asked for different relief. We shall not undertake to say whether, under the original petition, defendants in error could have recovered a personal judgment against plaintiff in error on the check with foreclosure of the lien, or whether asking for such relief in the amendment would have entitled him to notice thereof if he had not answered, as we think the answer filed was an appearance for all purposes. Rev. St. art. 1882. It is the duty of a defendant who has answered the petition to take notice of the subsequent amendments thereof in open court on leave, and govern himself accordingly, even if the amendment set up a new cause of action. When a defendant has answered, the only notice to which he is entitled is the order of the court granting leave to file the amendment. Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303; Tyson v. First State Bank (Tex. Civ. App.) 154 S. W. 1055; Railway Co. v. McDermitt (Tex. Civ. App.) 175 S. W. 509.

[5-7] It seems to be contended by propositions that Bean is a necessary party to a foreclosure of the lien to secure payment of the check. Bean, having made a note to Moseley, and executed a deed of trust on the land to secure this debt, vesting in the trustee, Muse, and the payee in the note the right and power to sell in satisfaction thereof, when a sale was made by the trustee under the power, and the bid or the amount agreed to be paid by plaintiff in error was the principal, interest, and attorney's fees called for in the note, without any excess to be paid to the owner of the land, this sale had the effect to divest the title to the land out of Bean and vest it in Puntney, and to pay Bean's obligation, and, there being no surplus going to Bean, he had no interest in the subject-matter of the suit. We think a sale by the trustee was in effect a sale by the agent of Bean, and when Puntney did not pay the bid there was an implied vendor's lien raised by law in favor of the vendor to secure it. Yarborough v. Wood, 42 Tex., 91, 19 Ann. Rep. 44; Joiner v. Perkins, 59 Tex., 300. The trustee, Muse, being the agent to sell, receive the money on the sale, and pay it to Moseley, holds the debt evidenced by the check in trust for Moseley, who could alone, or joined with Muse, sue Puntney therefor, and foreclose the lien so created.

[8] Defendants in error, when they elected to treat the sale as vesting the title in Puntney, relieved Bean of any obligation to pay the original note, and as holding no interest in the land, and hence he has no beneficial interest in the subject-matter of this litigation. Bean was not a necessary party to preserve or foreclose the lien. Gordon v. Hannaman (Tex. Civ. App.) 234 S. W. 569. The suit, after amendment, did not seek to charge Bean on the original debt, but defendant in error elected to accept Puntney's obligation, as evidenced by the check for such debt, on which he is primarily liable.

[9] The plaintiff in error apparently contends that, as he did not live in Deaf Smith county, where the suit was pending, and the land was situated in Castro county, the court had no jurisdiction. That court had jurisdiction, but the venue may have been in either Potter or Castro county. This would require a plea of privilege, and none was filed. If the plea could not have been made until after amendment, it should then have been filed. Having appeared in the court by answer, plaintiff in error is not excused on the ground of want of notice of amendment, or excused from filing the necessary plea when in open court he and defendants in error were both granted leave to amend their pleadings. He will be charged with notice of the filing of the amendment.

[10] We do not believe we would be authorized to affirm this case, with damages for delay. The legal questions presented herein seem to be urged in good faith. The motion, therefore, for damages for delay will be overruled.

The judgment is affirmed.