**Affirmed and Memorandum Opinion filed December 04, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00157-CV

---

**BERNARDO MORALES CERVANTES, Appellant,**

**V.**

**BAYVIEW LOAN SERVICING, LLC, Appellee.**

---

**On Appeal from the 334th District Court**
**Harris County**
**Trial Court Cause No. 2010-47515A**

---

## M E M O R A N D U M   O P I N I O N

Appellant Bernardo Morales Cervantes appeals the trial court's grant of summary judgment on his causes of action for injunctive relief and to remove a cloud on title to residential property arising from appellee Bayview Loan Servicing, LLC's lien. In one issue, Cervantes contends that his equitable title under a contract for deed is superior to Bayview's lien, and his open and obvious possession of the property before the lien was acquired raises a genuine issue of material fact precluding summary judgment. We affirm.

# I

The property at issue is a residential property located at 5626 Elm Spring Drive in Houston. Cervantes alleges that in 2000, he and the then-record owner of the property, Riku Melartin, orally agreed that if Cervantes and his family would move into the home and make substantial improvements to the property, Melartin would sell the property to Cervantes for $50,000.00. Based on this agreement, Cervantes, his wife, and their three children moved into the property and made extensive repairs.

On February 22, 2002, Melartin executed a deed of trust on the property to secure repayment of a $39,000 loan obtained from American Capital Funding Corporation. The 2002 deed of trust was filed of record on March 13, 2002. Shortly after making the loan to Melartin, American Capital assigned the loan and the deed of trust to another entity. On March 18, 2010, that entity assigned the loan and deed of trust to Bayview.

On June 29, 2009, Melartin and Cervantes executed a contract for deed, which reflected an effective date of February 20, 2003. The contract for deed required Cervantes to pay $4,000.00 as a down payment and make 300 monthly payments of $422.52. Upon Cervantes's completion of his contractual obligations, Melartin agreed to execute and deliver to Cervantes a general warranty deed. The contract for deed was recorded with the Harris County Clerk in 2009. At the time Cervantes filed suit, he claimed to have paid the down payment and eighty-seven monthly payments.

According to Cervantes, a judgment was obtained against Melartin in an unrelated matter in 2005, and on July 7, 2009, the property was sold at a constable's sale to Saihat Corporation. Cervantes also alleges that Melartin defaulted under the terms of the 2002 deed of trust and the property was posted for a substitute trustee's sale to take place on August 3, 2010.

On August 2, 2010, Cervantes and Saihat filed suit against Melartin, Bayview, and the substitute trustee.[1] As to Bayview, Cervantes and Saihat sought a judgment declaring

---

[1] Cervantes and Saihat later nonsuited their claims against the substitute trustee.

the deed of trust inferior to Cervantes's interest in the property and removing the cloud on Cervantes's and Saihat's title. Cervantes and Saihat also sought injunctive relief to prohibit Bayview and the substitute trustee from taking any action to conduct a trustee's sale of the property.

Bayview moved for summary judgment on all of Cervantes's and Saihat's claims. The trial court granted Bayview's motion. Bayview then filed a motion to sever the claims against it. The trial court granted the motion to sever and rendered a final judgment in favor of Bayview on November 29, 2011. Cervantes and Saihat filed a motion for reconsideration of the summary judgment and for new trial, which was overruled by operation of law. Only Cervantes appealed the trial court's judgment.

## II

In his sole issue, Cervantes contends that his open and obvious possession of the property put Bayview on notice of his interest in the property at the time Bayview's lien was created. In an affidavit supporting his response to Bayview's motion for summary judgment, Cervantes averred that, beginning in 2000, his family could be seen "go[ing] in and out" of the property, the children played in the yard, the family's cars were parked in the driveway, and friends visited on numerous occasions. Cervantes further averred that he mowed the yard and twice painted the house. Cervantes argues that this evidence raises a fact issue precluding summary judgment for Bayview. Bayview responds that its lien was acquired before the effective date of Cervantes's contract for deed; therefore, its interest is superior to any interest Cervantes may have under the contract for deed.

## A

We review a trial court's grant of summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004); *Weingarten Realty Mgmt. Co. v. Liberty Mut. Fire Ins. Co.*, 343 S.W.3d 859, 861 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). The movant must establish that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690

3

S.W.2d 546, 548 (Tex. 1985). In our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Joe*, 145 S.W.3d at 157; *Weingarten Realty*, 343 S.W.3d at 861.

B

Cervantes maintains that Bayview had constructive notice of his equitable interest under the contract for deed "because of the open and obvious possession of the property by Cervantes and his family" before the lien was created. Cervantes relies primarily on Texas Property Code section 13.001, which provides in relevant part:

> (a) A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.
>
> (b) The unrecorded instrument is binding on . . . a subsequent purchaser who . . . has notice of the instrument.

Tex. Prop. Code § 13.001(a), (b). Cervantes also cites several cases for the proposition that notice will defeat the protection of a bona fide purchaser. *See, e.g.*, *Fletcher v. Minton*, 217 S.W.3d 755, 758 (Tex. App.—Dallas 2007, no pet.); *Apex Fin. Corp. v. Garza*, 155 S.W.3d 230, 235 (Tex. App.—Dallas 2004, pet. denied).

But Cervantes does not dispute Bayview's contention that his contract for deed was executed and became effective after Bayview's predecessor obtained the lien on the property. Melartin and Cervantes executed the contract for deed on June 29, 2009, effective as of February 20, 2003. Melartin and Bayview's predecessor executed the deed of trust on February 22, 2002, and the deed of trust was filed of record on March 13, 2002, nearly a year before the effective date of the contract for deed. When interests in real property compete for superiority, ordinarily the "first in time is first in right." *Williams v. Nationstar Mortg., LLC*, 349 S.W.3d 90, 93 (Tex. App.—Texarkana 2011, pet. denied); *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 668 (Tex. App.—

Fort Worth 1998, pet. denied). Because it is uncontroverted that the 2002 deed of trust preceded the contract for deed, the deed of trust is superior to the contract for deed.

Moreover, any equitable interest Cervantes may have obtained in the property under the contract for deed arose after 2002. This court has held that a purchaser under a contract for deed is vested with equitable title only after he has shown that he has paid the purchase price and fully performed his contractual obligations. *See Cullins v. Foster*, 171 S.W.3d 521, 533 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Until the purchaser has fully performed, he obtains only an equitable right to complete the contract. *S. Vanguard Ins. Co. v. Silberstein*, 2010 WL 2998786, at *4 (Tex. App.— Houston [14th Dist.] 2010, no pet.) (mem. op.) (citing *Cullins*, 171 S.W.3d at 533). In his petition, Cervantes alleges that he paid the $4,000 down payment and made "approximately 87" of the 300 monthly payments due. And in his affidavit, Cervantes asserted only that he had "made the monthly payments due under the contract." He does not contend that he has fully performed all his obligations under the contract for deed.

Therefore, taking as true all of the evidence favorable to Cervantes and indulging every reasonable inference in his favor, the evidence shows that Cervantes obtained, at most, an equitable right to complete the contract for deed on February 20, 2003, the contract for deed's effective date. *See id*. Cervantes does not allege that he obtained equitable or legal title to the property other than through the contract for deed.[2] Consequently, Cervantes's possession of the property before that date could not have put Bayview's predecessor on notice of any alleged claim to the property because no unrecorded instrument evidencing such a claim existed in 2002 when the deed of trust was executed. Cervantes's authorities are thus distinguishable because in those cases the unrecorded instruments predated the conveyances to the subsequent purchasers. *See Fletcher*, 217 S.W.3d at 761–63 (holding that Fletcher was not a bona fide purchaser of

---

[2] Bayview also argues that the contract for deed expressly disclaims the existence of any prior written or oral agreements between Cervantes and Melartin with respect to the property. In relevant part, the contract for deed recites as follows: "No agreement(s) in regard to the subject property now exist between Seller and Purchaser, whether written or oral, except as set forth herein."

two tracts of land previously conveyed to Minton and Malecek when Minton and Malecek's unrecorded contracts for deed were executed and performed before Fletcher's purchase and evidence supported trial court's findings that Minton's visible use and possession of both tracts put Fletcher on constructive notice of competing claims); *Apex Fin. Corp.*, 155 S.W.3d at 234–35 (holding evidence was sufficient to support finding that quitclaim-deed holder's possession was visible, open, and exclusive so as to put subsequent purchaser on notice).[3]

Because Cervantes claims title solely on the basis of the contract for deed and Bayview's lien predates the contract for deed, Bayview's lien is first in time and takes priority over any alleged interest Cervantes later obtained. Therefore, on these facts, Cervantes's occupation of the property before the contract for deed's effective date fails to raise a genuine issue of material fact.

We hold that the trial court did not err by granting Bayview's motion for summary judgment and we overrule Cervantes's sole issue on appeal.

\* \* \*

Accordingly, we affirm the trial court's judgment.


/s/    Jeffrey V. Brown
Justice


Panel consists of Chief Justice Hedges and Justices Brown and Busby.

---

[3] Two other cases Cervantes cites likewise do not support his argument. In *Madison v. Gordon*, the court held that the owner of a multifamily rental unit who occupied one of the units did not show that his possession was sufficiently exclusive or unequivocal to provide constructive notice of his ownership claim. *See* 39 S.W.3d 604, 607 (Tex. 2001) (per curiam). In *City of Richland Hills v. Bertelsen*, the court held that the city failed to raise a genuine issue of material fact on actual or constructive notice precluding summary judgment in favor of a subsequent purchaser when the subsequent purchaser relied on a properly recorded plat rather than the unrecorded plat under which the city claimed a dedicated park. *See* 724 S.W.2d 428, 430 (Tex. App.—Fort Worth 1987, no writ).