# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00322-CV

**402 Lone Star Property, LLC, Appellant**

**v.**

**Bank of America, N.A., Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-12-001281, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, 402 Lone Star Property, LLC (Lone Star), appeals a single issue in the trial court's grant of summary judgment for appellee, Bank of America, N.A. Lone Star claims that as purchaser of real property at a junior-lien foreclosure sale, it was entitled to information sufficient to enable it to protect its property interest at a subsequent senior-lien foreclosure sale and that the grant of summary judgment unlawfully deprived Lone Star of its property interest. Lone Star asserts two subsidiary claims that flow from the denial of its ability to protect its property interest: (1) unjust enrichment, which should be remedied by restitution, and (2) quieting title in favor of Lone Star. For the following reasons, we affirm the trial court's judgment.

## BACKGROUND

This controversy concerns senior and junior liens both secured by the same property, the satisfaction of these two liens, and legal and equitable title to the property. When the prior

owners purchased the property, they agreed to make periodic condominium-assessment payments as proscribed in a condominium rider, as well as periodic payments on their mortgage. The deed of trust was subsequently assigned to Bank of America; the assignment of the mortgage note and the bank's security interest were properly recorded.

After the property owners ceased their periodic payments on the condominium assessments, the condominium owners association foreclosed on the junior lien. Lone Star purchased the property at the junior-lien foreclosure sale, and, about six months later, Bank of America began foreclosure on its security interest in the property pursuant to the terms of the Deed of Trust. Prior to the foreclosure sale, Lone Star sent two certified letters to Bank of America, requesting the payoff amount to cure the default. Lone Star identified itself as the owner of the subject property in its letters. According to Lone Star, Bank of America responded to Lone Star's first letter with untimely and inaccurate payoff information, and, when Lone Star sent a second letter requesting review and accurate figures, Bank of America made no reply. The property was then sold at the senior-lien foreclosure sale.

After the property was sold, Lone Star sued Bank of America, claiming Lone Star was entitled to notice and that the lack of notice raised additional claims of (1) void/voidable foreclosure sale, (2) equitable recission, (3) restitution based on unjust enrichment, and (4) trespass to try title/suit to quiet title.

Bank of America filed a motion for traditional summary judgment with supporting evidence, *see* Tex. R. Civ. P. 166a(c), contending that all of Lone Star's claims failed because the undisputed evidence showed that Lone Star was not entitled to any notice under the Deed of Trust.

Bank of America supplied evidence in support of its motion that included an affidavit and copies of the Deed of Trust, the Promissory Note, and the Assignment of Deed of Trust.

Lone Star responded with evidence, including affidavits and copies of the Substitute Trustee's Deed, Lone Star's letters to Bank of America requesting information as to the payoff amount to avoid the foreclosure, and the Notice of Trustee's Sale. Lone Star claimed that a genuine issue of material fact existed as to whether the foreclosure sale was invalid and Lone Star retained legal title because Lone Star was entitled to notice and information to protect its property interest, which Bank of America failed to provide. After a hearing on summary judgment, the trial court granted Bank of America's motion without stating the basis for its ruling and dismissed Lone Star's claims with prejudice. This appeal followed.

**STANDARD OF REVIEW**

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). If the trial court does not specify the grounds for its summary judgment, we must affirm the summary judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

To prevail on a traditional motion for summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or must conclusively establish each element of an affirmative defense. Tex. R. Civ. P. 166a(c); *Long Distance Int'l, Inc. v. Telefonos de Mexico, S.A. de C.V.*, 49 S.W.3d 347, 350–51 (Tex. 2001); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

"We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 208 (Tex. 2002)).

## DISCUSSION

Lone Star argues that, as purchaser of the property at the junior-lien foreclosure sale, it was entitled to notice of the senior-lien foreclosure sale and information to protect its property interest, i.e., the payoff amount to avoid the foreclosure. Lone Star contends that it was entitled to notice and payoff information because it held legal title to the property and acquired the rights of the borrower under the Deed of Trust when it purchased the property. Lone Star argues further that junior-lien foreclosure purchasers have no way to protect their property interests if a senior-lien holder can foreclose on the property without providing notice and information to the owners of the property. Lone Star, however, does not otherwise challenge the foreclosure sale. The controlling issue then is whether Lone Star was entitled to notice and the payoff information.

The parties agree that the purchaser of real property at a junior-lien foreclosure sale takes the property, conditioned by the requirement that the purchaser must service any pre-existing senior lien in order to prevent loss of the property through foreclosure. *See Conversion Props., L.L.C. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied) (citing Restatement (Third) of Property: Mortgages § 7.1); *DTND Sierra Invs., LLC v. Deutsche Bank Nat'l Trust Co.*,

4

No. 04-12-00817-CV, 2013 Tex. App. LEXIS 10460, at *10 (Tex. App.—San Antonio Aug. 21, 2013, pet. denied) (mem. op.) (citing *Conversion Properties* and *Williams v. Nationstar Mortg., LLC*, 349 S.W.3d 90, 95 (Tex. App.—Texarkana 2011, pet. denied)); *KCB Equities, Inc. v. HSBC Bank USA,* No. 05-10-01648-CV, 2012 Tex. App. LEXIS 4418, at *4 (Tex. App.—Dallas June 4, 2012, no pet.) (mem. op.).[1]  The law is also well settled that parties to deeds of trust are generally entitled to notice of foreclosure when security instruments are accelerated.  *See* Tex. Prop. Code § 51.002(d); *American Sav. & Loan Ass'n v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975); *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied); *Lawson v. Gibbs*, 591 S.W.2d 292, 295 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).

Notice to a property owner who is not a party to a deed of trust, however, generally is not required.  *See Lawson*, 591 S.W.2d at 295 (plaintiff presented no authorities to support his contention that landowners are entitled to notice of foreclosure sale; on the contrary, debtors, according to records of the debt holder, must be given notice); *see Elbar Invs., Inc. v. Wilkinson*, No. 14-99-00297-CV, 2003 Tex. App. LEXIS 8182, at *6 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, pet. denied) (mem. op.) (noting that "no requirement that personal notice be given to those who were not parties to the deed of trust").

---

[1] A junior-lien foreclosure purchaser is presumed to be aware of the senior lien and purchases the property with that foreknowledge.  *See Williams v. Nationstar Mortg., LLC*, 349 S.W.3d 90, 95 (Tex. App.—Texarkana 2011, pet. denied) (plaintiff "failed to perform any title search whatsoever," putting him on constructive notice that his property purchased at junior-lien foreclosure sale was burdened).

To become a party to a deed of trust and obtain the rights of a borrower under a deed of trust, such as the right to notice and reinstatement, a purchaser of real property must take the affirmative steps of requesting and receiving written approval from the lender to assume the borrower's obligations under the deed of trust. *See Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 564, 571 (Tex. App.—Amarillo 2013, pet. denied) (even though plaintiff had been making monthly payments on property and made one lump-sum payment to cure default of debtor, plaintiff was not entitled to notice of foreclosure because he had not assumed debtor's obligations in writing and assumption had not been approved by lender, as required in deed of trust); *Schlotte v. Option One Mortg. Corp.*, No. 09-11-00208-CV, 2012 Tex. App. LEXIS 4289, at *12, 17–18 (Tex. App.—Beaumont May 31, 2012, pet. denied) (mem. op.) (even though plaintiff allegedly purchased property and had attempted to negotiate an assumption of mortgage, lender did not ratify transfer of duties to plaintiff under deed of trust, and, thus, no evidence of privity between plaintiff and lender existed and lender was not required to provide plaintiff with notice of foreclosure).

Here, the Deed of Trust conforms with these principles of law. The parties to the Deed of Trust are defined as the lender and the borrower, and the prior owners are identified as the borrower. The Deed of Trust allows a successor in interest to the borrower but only upon written approval by the lender. The Deed of Trust further provides that "any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument." Finally, the Deed of Trust provides for notices to be sent between the lender and the borrower only, and, "[i]f all or any part of the Property or any Interest in the Property is sold or

transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument."

The evidence is undisputed that when Lone Star contacted Bank of America, Lone Star requested a payoff amount, identifying itself not as the borrower or a party to the Deed of Trust, but rather as the property owner. Further, Lone Star did not controvert Bank of America's affidavit that the mortgagee never provided written approval to Lone Star to assume the borrower's obligations under the Deed of Trust. Accordingly, the record conclusively establishes that Lone Star was not a borrower or party under the Deed of Trust, *see Musick*, 531 S.W.2d at 588; *Stanley*, 121 S.W.3d at 817; *Lawson*, 591 S.W.2d at 295, and Lone Star was, consequently, not entitled to notice of foreclosure, nor of information to protect its property interest. *Williams*, 349 S.W.3d at 94; *Lawson*, 591 S.W.2d at 295; *see also* Tex. R. Civ. P. 166a(c); *DTND Sierra Invs. LLC v. Bank of Am., N.A.*, 871 F. Supp. 2d 567, 579 (W.D. Tex. 2012) (citing *Stanley*, 121 S.W.3d at 817) (concluding that purchaser at junior-lien foreclosure sale did not have right to personal notice under Texas Property Code section 51.002(d) "because he did not allege that he was a debtor according to the records of the mortgage servicer of the debt").

Lone Star also asserts subsidiary claims for unjust enrichment against Bank of America and to quiet title on the property in Lone Star's favor. A party may recover under unjust enrichment when a person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). To prevail in a trespass-to-try-title cause, a plaintiff must usually (1) prove a regular chain of

7

conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004); *Plumb v. Stuessy*, 617 S.W.2d 667, 668 (Tex. 1981) (citing *Land v. Turner,* 377 S.W.2d 181, 183 (Tex. 1964)); *see also* Tex. Prop. Code § 22.001 (providing that "[a] trespass to try title action is the method of determining title to lands, tenements, or other real property"). Given our conclusion that Lone Star was not entitled to notice of the foreclosure or to payoff information and that Lone Star does not otherwise challenge the validity of the foreclosure sale, the record conclusively negates Lone Star's subsidiary claims. *See* Tex. R. Civ. P. 166a(c).

## CONCLUSION

For these reasons, we overrule Lone Star's issue and affirm the trial court's summary judgment.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:  August 12, 2014

8