# The STATE of Texas FOR the BEST INTEREST AND PROTECTION OF H.S.

## No. 06–15–00105–CV

Court of Appeals of Texas, Texarkana.

Submitted: January 19, 2016

Decided: January 22, 2016

Jessica Edwards, Attorney at Law, Greenville, TX, for appellant

Matthew Morris, Hunt County Attorney's Office, Greenville, TX, for appellee

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Chief Justice Morriss

H.S. appeals a trial court's order authorizing the administration of psychoactive

1. Section 574.106(b) reads,
In making the finding that treatment with the proposed medication is in the best interest of the patient, the court shall consider:
(1) the patient's expressed preferences regarding treatment with psychoactive medication;
(2) the patient's religious beliefs;
(3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication;
(4) the consequences to the patient if the psychoactive medication is not administered;
(5) the prognosis for the patient if the patient is treated with psychoactive medication;
(6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication; and
(7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication.
TEX. HEALTH & SAFETY CODE ANN. § 574.106(b) (West 2010). H.S. does not challenge the trial court's finding that administration of

drugs. A trial court may enter an order authorizing the administration of psychoactive medication to a patient who is under an order for temporary or extended mental health services if it finds, by clear and convincing evidence, "that the patient lacks the capacity to make a decision regarding the administration of the proposed medication and treatment with the proposed medication is in the best interest of the patient." See TEX. HEALTH & SAFETY CODE ANN. § 574.106(a–1)(1) (West 2010).[1] On appeal, H.S. argues (1) that the trial court's temporary commitment order was not supported by legally sufficient evidence and, therefore, the order authorizing administration of psychoactive medication is likewise invalid and (2) that the evidence is legally insufficient to support the finding that H.S. lacked the capacity to make a decision regarding the administration of proposed medication.[2] We affirm the trial court's judgment.

H.S.'s entire argument on this point is as follows:

psychoactive medication was in her best interest.

2. "In reviewing legal sufficiency, we analyze 'whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review.'" State ex rel. L.T., 386 S.W.3d 271, 274 (Tex.App.–Texarkana 2012, no pet.) (quoting Williams v. Nationstar Mortg., LLC, 349 S.W.3d 90, 92–93 (Tex.App.–Texarkana 2011, pet. denied)) (citing City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)). "We are to consider all of the evidence in the light most favorable to the verdict, indulging every reasonable inference that would support it." Id. (citing Wilson, 168 S.W.3d at 822). "The fact-finder is the only judge of witness credibility and weight to give to testimony." Id. "We 'cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement,' but when the evidence allows only one inference, 'the reviewing court may [not] disregard it.'" Id. (quoting Wilson, 168 S.W.3d at 822).

Just as the record is devoid of any evidence that justifies the need for Appellant to be hospitalized involuntarily, there is insufficient evidence to justify the forcible administration of psychoactive medications to Appellant. The testifying expert stated Appellant was able to care for herself and the only overt act he could point to as being a danger to herself was her refusal to submit to medical treatment. As the law is clear that Appellant asserting her right to refuse treatment in and of itself is not enough to meet the standard for involuntary commitment, neither is it sufficient to force a person to take potentially dangerous, mind altering medications against their will. The Trial Court's order is not supported by the evidence and should be overturned.

In other words, H.S. argues that the order to administer psychoactive medication is invalid (1) because the order of temporary commitment was invalid and (2) for the same reasons that the order for temporary commitment was invalid.

In a related appeal, our cause number 06–15–00104–CV,[3] this Court affirmed the trial court's temporary commitment order, concluding that such order was supported by legally sufficient evidence which demonstrated that H.S. (1) is suffering severe and abnormal mental distress, (2) has and is experiencing substantial mental deterioration of her ability to function independently, which is exhibited by her inability to provide for her health or safety, and (3) is unable to make a rational and informed decision as to whether or not to submit to treatment. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(2)(C) (West Supp. 2015). The same facts and rationale discussed in that case support the trial court's conclusion that H.S. lacks the capacity to make a decision regarding the administration of the proposed medication. Thus, in our opinion affirming the temporary commitment order, we have addressed the same complaints regarding legal sufficiency that are raised in this appeal. Accordingly, we overrule H.S.'s legal sufficiency point and affirm the trial court's order authorizing the administration of psychoactive medication.

We affirm the trial court's judgment.

---

**3.** The facts pertaining to the order authorizing administration of psychoactive drugs are contained in our opinion in cause number 06–15–00104–CV.